## . 12-19-00030-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *TODD ALLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Todd Alley, acting pro se, filed a notice of appeal to challenge his conviction in trial court cause number 007-0722-10.[1] Sentence was imposed on September 28, 2010. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, Appellant filed his notice of appeal on January 28, 2019, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On January 30, 2019, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before February 11 to show this Court's

---

[1] Appellant previously attempted to appeal his conviction and that appeal was likewise dismissed for want of jurisdiction. *See Alley v. State*, No. 12-19-00003-CR, 2019 WL 210819 (Tex. App.—Tyler Jan. 16, 2019, no pet. h.) (mem. op., not designated for publication).

jurisdiction. In response, Appellant filed a motion to show jurisdiction, in which he states that he asserts an actual innocence claim over which this Court has jurisdiction.

Claims of actual innocence, however, are cognizable on post-conviction writs of habeas corpus. *See Ex parte Mellow*, 355 S.W.3d 827, 830 (Tex. App.—Fort Worth 2011, pet. ref'd). Only the Texas Court of Criminal Appeals has jurisdiction over writs of habeas corpus after final conviction in any felony case. TEX. CODE. CRIM. PROC. ANN. art. 11.07 §3 (West 2005). And, this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we *dismiss* Appellant's appeal for *want of jurisdiction*. *See* TEX. R. APP. P. 43.2(f); *see Kindred v. State*, No. 03-17-00224-CR, 2017 WL 1550029, at *1 (Tex. App.—Austin Apr. 27, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal on actual innocence grounds for want of jurisdiction); *see also Roberts v. State*, No. 10-12-00075-CR, 2012 WL 3137980, at *1-2 (Tex. App.—Waco Aug. 2, 2012, no pet.) (mem. op., not designated for publication) (same). All pending motions are *overruled as moot*.

Opinion delivered February 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2019**

**NO. 12-19-00030-CR**

**TODD ALLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0722-10)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*